BISHOP vs. PETTINGILL, Administrator, and others, Appellants, and GREBNER, Respondent.

*May 14—September 23, 1902.*

*Partition: Distribution of proceeds of sale: Mortgage invalid as to minor's interest: Setting aside sale: Restitution: Appeal: Issues not raised below.*

1. Land which had descended to four heirs was purchased, at a partition sale, by a mortgagee whose mortgage was invalid as to the one-fourth interest of G., one of the heirs. The mortgage was paid from the proceeds of the sale, and the balance was distributed on the theory that the mortgage had been a lien upon all interests. After attaining majority, G. had the judgment vacated as to her, and put in an answer, raising no question except as to the validity of the mortgage so far as it affected her interest. *Held:*

(1) It was not necessary to disturb the sale, the only contest being as to the proper distribution of the proceeds.

(2) G. was entitled to receive the full one-fourth of the net proceeds of the sale; but the mortgagee's claim was valid to its full amount against the other three fourths, and he was liable to make restitution to G. only of the amount which he had received in excess of said three fourths.

(3) Application by G. for an order of restitution from the mortgagee and other heirs of the amounts improperly received by them, was equivalent to an election to affirm the sale.

2. Where no issue was raised in the trial court as to the validity of a mortgage as affecting the interest of a defaulting defendant, it must be treated as a valid obligation as to him upon an appeal to which he is not a party.

APPEAL from orders of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Reversed.*

In August, 1895, the plaintiff commenced this action for a partition of lot 3, block 12, of Dunn, Dousman & Cameron's addition to La Crosse, with other lands. The plaintiff and the defendants August, Conrad, and *Georgina Schmidt* were each the owners of an undivided one-fourth interest in this lot. The defendant Mosher had a mortgage on lot 3 ; the defendant Gilles owned a half interest in the other property, and had a

mortgage on the other half; and the defendant Florence Sulli-
van occupied a part of the property under a lease. The de-
fendant *Georgina* was a minor. C. L. Hood was appointed
guardian *ad litem,* and answered, submitting her rights to the
court. The defendant August answered, admitting the alle-
gations of the complaint. October 30, 1895, the court made
findings that plaintiff and the defendants Schmidt each had
a one-fourth interest in lot 3, and that defendant Mosher had
a mortgage thereon for $3,000, and interest at eight per cent.
from July 18, 1893. He also made findings as to other prop-
erty, not material to this litigation. He also found the prop-
erty could not be partitioned or platted, and directed a sale
by the sheriff. The sale was had, and the defendant Mosher
purchased lot 3 for $5,000. Thereafter, and on January 25,
1895, the court confirmed the sale, and directed the sheriff to
make distribution of the money in his hands. From the pro-
ceeds of lot 3 the sheriff was directed to pay the unpaid taxes,
$127.57, and to pay to Mosher $3,598.49, as the amount due
on his mortgage. The account may be stated as follows:

| | |
|---|---:|
| Proceeds sale lot 3 | $5,000 00 |
| Net proceeds sale of other property | 264 19 |
| Total | $5,264 19 |

Disbursed as follows:

| | |
|---|---:|
| Taxes on lot 3 | $ 127 57 |
| Mosher mortgage | 3,598 49 |
| Costs of plaintiff | 150 25 |
| Costs of guardian *ad litem* | 40 00 |
| Paid plaintiff | 336 97 |
| "    August | 336 97 |
| "    Conrad | 336 97 |
| "    Boshert, *Georgina's* guardian | 336 97 |
| Total | $5,264 19 |

In January, 1901, the defendant *Georgina Schmidt* (now
*Georgina Grebner*) applied to the court to set aside the former
proceedings as to her, under sec. 2877, Stats. 1898. Her ap-
plication showed that she became of age on December 21,

1899; that the judge who tried the case was dead; and that the parties were unable to agree upon a bill of exceptions. It was accompanied by the written consent of plaintiff and August and Conrad Schmidt for a new trial. Mosher having died, the action was revived against his representatives and trustee, who were made parties. Upon due notice to the latter, the court vacated the judgment and all orders made prior to judgment, as against *Georgina,* and granted her a new trial. She filed an answer admitting the interests of plaintiff and the Schmidts in the real estate. She alleged that lot 3 was her father's homestead at the time of his death and was unincumbered, and that the executor of her father's estate thereafter executed the mortgage to Mosher without any authority, and that it was not a lien upon said lot. She set out further that the premises had been sold under the proceedings herein and the proceeds divided, but that none of the proceeds had come to her hands. The part that had been paid to her guardian she paid into court. Thereafter she made a motion for restitution of the proceeds of the sale, which was continued until after a trial of the action was had.

Upon the trial the court found the interests of the parties as stated, and the amount due on the Mosher mortgage; that lot 3 was the homestead of Ferdinand Schmidt at the time of his death, and was unincumbered; that the mortgage was void as to the interest of *Georgina.* The court thereupon made an order dated August 23, 1901, requiring the representatives of the Mosher estate, within ten days, to pay into court the sum of $1,194.50, and upon such payment the former sale of the premises should be confirmed, and, in case of failure so to do, the sale was declared to be null and void as to the interest of *Georgina,* and she was to be put into possession of her one-fourth interest. The Mosher estate failed to make payment, and on September 21, 1901, the court entered an order setting the sale aside. On the same day he entered another order determining the rights of the parties, and di-

recting a sale of lot 3. He found that the mortgage to
Mosher was given with the written consent of the plaintiff
and the defendant August, and with the consent of the guard-
ian *ad litem* of Conrad and *Georgina,* but thåt the executor
who made the mortgage did not make and file the proper
oath, did not file a report, and did not have his action as to
executing the mortgage confirmed. He also found that
*Georgina* was the owner of one fourth of said lot, and the
Mosher estate of the three fourths, and that a sale of lot 3
should be had, and a division of the proceeds made upon that
basis. The representatives of the Mosher estate appeal from
the order of restitution, dated August 23, 1901, and from the
two orders made on September 21, 1901.

For the appellants there was a brief by *Benj. F. Bryant*
and *Woodward & Lees,* and oral argument by *Mr. Bryant*
and *Mr. G. M. Woodward.*

For the respondent there was a brief by *Higbee & Bunge,*
and oral argument by *G. W. Bunge.*

The following opinion was filed June 19, 1902:

BARDEEN, J. The record shows that lot 3 was the home-
stead of Ferdinand Schmidt at the time of his death, and de-
scended unincumbered to his children. His personal estate
not being sufficient to pay his debts, the executor asked per-
mission to mortgage the homestead. That property was not
liable for the debts of the deceased, and under sec. 3874,
Stats. 1898, could not be mortgaged to pay them. To avoid
this difficulty, the executor obtained the written consent of
the plaintiff and the defendant August for the execution of
such mortgage. At the same time he secured a written con-
sent, signed by the guardian *ad litem* of the defendants Con-
rad and *Georgina,* who were minors. The executor failed to
comply with the provisions of the statute in such cases, and
it is now virtually conceded that the mortgage was void in so

far as it attempted to cover the interests of the infants. As the case has now shaped itself, we need only consider how the interest of *Georgina* was affected. The latter, by proper proceedings under the statute, obtained an order setting aside the former judgment, which order has not been appealed from. Her answer tendered no issue as between the owners of the property sought to be partitioned. It did not attack the integrity of the sale that had been made. Her attack was upon the validity of the Mosher mortgage, so far as it affected her interest in the homestead property. The trial court at first evidently considered that it was unnecessary to disturb the sale already made, as the contest was narrowed down to a division of the proceeds of such sale. With that idea in view, he made the order of August 23, 1901, requiring the representatives of the Mosher estate to pay into court the sum of $1,194.50, to be applied in satisfaction of the sum due *Georgina* for her interest in lot 3. This sum, with the amount which had theretofore been paid to her guardian, would have represented her just share of the proceeds of such sale. We agree with the trial court on the theory that a resale of the property was not necessary. So far as we are advised, all the proceedings in the partition suit, up to the time of the entry of the judgment of distribution, had been regular and with full jurisdiction of the parties. The answer of *Georgina* only raised an issue as to the proper distribution of the proceeds of the sale. Mosher appears to have been a *bona fide* purchaser at the sale, and has paid his money into court. His title in no way depends upon his mortgage interest. He was entitled to be protected as a purchaser, and, so long as the integrity of the sale was not attacked, the court rightly proceeded on the theory of restitution of the money which had been distributed. The original judgment of distribution was made upon the basis that the Mosher mortgage was a valid lien upon *Georgina's* interest in the homestead. We think it

is satisfactorily shown that such was not the case, so that at the time of the distribution the mortgage covered only a three-fourths interest in the premises sold. In making the order of restitution the court seemed to have been of the opinion that the mortgage was only valid as to three fourths of the amount due thereon. Upon no other theory can the requirement that the Mosher estate pay into court the sum stated be justified. In this we think the court was in error. Mosher had a mortgage for $3,000 and interest, which covered all of lot 3. It was a lien only upon a three-fourths interest therein. He was entitled to collect his whole mortgage from whatever security he had. If a sale of the three-fourths interest brought enough to pay his claim, he was entitled to it. So when it came to a distribution of the proceeds of the sale of lot 3, Mosher was entitled to payment of his mortgage claim out of the proceeds of the three-fourths interest covered by his lien, if it was sufficient to pay it. It was the same as though he had a mortgage on four lots, and his lien failed as to one. He was entitled to enforce his security against such of the property as his mortgage lien actually covered. The court failed to keep this fact in mind when he came to make the order of restitution. To secure repayment of a sum sufficient to protect *Georgina's* interest, the court should have required restoration from such of the distributees as had received the money properly belonging to her. This involves a mathematical calculation, and we reach the following result:

Sale of lot 3.............................................. $5,000 00
Sale of other lands....................................... 264 19
                                                         ──────────
                                                         $5,264 19

The total costs of the proceedings were $190.25, of which amount $178.33 should be justly chargeable to lot 3. Add the taxes paid, $127.57, and we find total expenses chargeable to this lot to be $305.90; leaving the net balance for division $4,694.10; the proceeds of the sale of other lands, $264.19,

less its share of costs, $11.92, leaves the balance for division $252.57; total proceeds to be divided, $4,946.37.

| | | |
|---|---|---|
| *Georgina's* one-fourth of $4,694.10 | $1,173 | 52 |
| " " " $252.27 | 63 | 07 |
| Total | $1,236 | 59 |
| Less amount paid her guardian | 336 | 97 |
| Balance due *Georgina* February 6, 1896 | $ 899 | 62 |

Turning to the original judgment, we find the court directed the payment of the Mosher mortgage, $3,598.49, and divided $1,347.88 equally between the four children; being $336.97 to each. Instead of so doing, the amount of *Georgina's* interest, $1,173.52, should have been deducted from the net proceeds of the sale of lot 3, leaving $3,520.58 to be applied upon the mortgage. This was $77.91 less than the amount actually due, so that Mosher received from the share given to *Georgina* $77.91. She was therefore entitled to a share of the money distributed to the other claimants, in order to make her claim good, together with the amount paid to Mosher. The order should have required restoration to be made as follows:

| | | |
|---|---|---|
| From Mosher estate | $ 77 | 91 |
| " Bertha Bishop | 273 | 91 |
| " August Schmidt | 273 | 90 |
| " Conrad Schmidt | 273 | 90 |
| Total | $899 | 62 |

These sums, with interest from February 6, 1896, the date when it was paid over, would have secured to *Georgina* the full amount she was entitled to, and the result would have been in accordance with the legal rights of the parties. The order of restoration entered by the court having been erroneous, and having been the foundation for all subsequent proceedings, the several orders appealed from must be reversed. The act of the defendant *Georgina* in applying for the order of restitution was equivalent to an election to affirm the former sale. If the sale, for any reason, was irregular, it was her

duty to act with diligence. She sought to secure the benefits arising to her from the same, and unless there is some reason for disturbing it, other than has been brought to our attention, she should stand by her election. The court should therefore enter an order of restoration according to the figures stated, and enforce payment, to make good to *Georgina* the amount her due, and then close up the suit by entering a proper judgment of distribution.

*By the Court.*—The several orders appealed from are reversed, and the cause is remanded for further proceedings as indicated in the opinion.

The respondent moved for a rehearing, arguing that the mortgage was invalid also as to the interest of Conrad Schmidt, and that restitution or redistribution should be made on that basis.

The following opinion was filed September 23, 1902:

BARDEEN, J. The only parties who have appeared in this court are the representatives of the Mosher estate and the defendant *Georgina Grebner.* The defendant Conrad Schmidt has made default in all the proceedings since the suit was begun. As against his interest in the property sought to be partitioned the decision of the trial court is *res adjudicata.* No issue having been raised as to the validity of the Mosher mortgage as affecting his interest, it must be treated as a valid obligation as to him. It was upon this basis that the former opinion was written, and to that conclusion we must adhere. The defendant *Georgina* is in no position to litigate the interests of her codefendants, and therefore her motion for a rehearing has no basis to rest upon.

*By the Court.*—The motion for rehearing is denied, with $25 costs.